UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAISHA MURPHY *and* SHANA-KAY MCDOUGALL, *on behalf of themselves and those similarly situated*<br><br>Plaintiffs,<br><br>v.<br><br>HEARTSHARE HUMAN SERVICES OF NEW YORK, *and* HEARTSHARE EDUCATION CENTER<br><br>Defendants. | Case No. 1:17-cv-1033 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFFS' COMPLAINT

| | |
|---|---|
| ROPES & GRAY LLP<br>Lee S. Gayer<br>1211 Avenue of the Americas<br>New York, NY 10036-8704<br>(212) 596-9000<br>Lee.Gayer@ropesgray.com<br><br>Jeffrey F. Webb (*pro hac* pending)<br>Aaron G. Gingrande (*pro hac* pending)<br>Prudential Tower<br>800 Boylston Street<br>Boston, MA  02199<br>(617) 951-7000<br>Jeffrey.Webb@ropesgray.com<br>Aaron.Gingrande@ropesgray.com<br><br>*Counsel for HEARTSHARE HUMAN SERVICES OF NEW YORK, ROMAN CATHOLIC DIOCESE OF BROOKLYN* | WINGATE, KEARNEY, & CULLEN, LLP<br>Richard Cea<br>45 Main Street, Suite 1020<br>Brooklyn, NY 11201<br>(718) 852-5900<br>rjcea@wkclaw.com<br><br>*Counsel for HEARTSHARE EDUCATION CENTER* |

## **TABLE OF CONTENTS**

**PAGE**

I. FACTS ............................................................................................................................... 2

II. LEGAL STANDARD ........................................................................................................ 3

III. ARGUMENT ..................................................................................................................... 4

    A. All of Plaintiffs' Claims Are Contingent Upon Defendants Being Joint Employers ............................................................................................................... 4

    B. The Complaint Should Be Dismissed Under Rule 12(b)(6) Because Plaintiffs Have Not Pleaded Adequate Facts Showing that HeartShare Education and HeartShare Human Services Are Joint Employers ......................... 5

        1. Plaintiffs' FLSA Claims Require Plaintiffs to Allege Facts Establishing That Defendants Were Joint Employers ............................... 6

        2. Plaintiffs Have Not Alleged Facts Showing That Defendants Were Sufficiently Interdependent To Be Joint Employers................................... 7

        3. Plaintiffs' NYLL and Breach of Contract Claims Should Be Dismissed on the Same Grounds as Plaintiffs' FLSA Claim ................... 11

IV. CONCLUSION ................................................................................................................ 12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Bell, Inc. v. Fed'n of Tel. Workers*,
   736 F.2d 879 (3d Cir. 1984) ................................................................................................... 11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .............................................................................................................. 3, 4

*Berkovitz v. United States*,
   486 U.S. 531 (1988) .................................................................................................................. 3

*Cannon v. Douglas Elliman, LLC*,
   No. 06 CIV.7092, 2007 WL 4358456 (S.D.N.Y. Dec. 10, 2007) ........................................ 9, 10

*In re Champion Enters., Inc.*,
   No. 09-14014 KG, 2010 WL 3522132 (Bankr. D. Del. Sept. 1, 2010) ................................... 11

*Chen v. St. Beat Sportswear, Inc.*,
   364 F.Supp.2d 269 (E.D.N.Y.2005) ........................................................................................ 11

*Diaz v. Consortium for Worker Educ., Inc.*,
   No. 10 CIV. 01848 LAP, 2010 WL 3910280 (S.D.N.Y. Sept. 28, 2010) ............................... 13

*Hart v. Rick's Cabaret Int'l, Inc.*,
   967 F.Supp.2d 901 (S.D.N.Y.2013) ........................................................................................ 11

*Hugee v. SJC Grp., Inc.*,
   No. 13 CIV. 0423 GBD, 2013 WL 4399226 (S.D.N.Y. Aug. 14, 2013) ................................. 13

*Janus Capital Grp., Inc. v. First Derivative Traders*,
   564 U.S. 135 (2011) ................................................................................................................ 11

*Paz v. Piedra*,
   No. 09CIV03977LAKGWG, 2012 WL 12518495 (S.D.N.Y. Jan. 12, 2012) ..................... 9, 10

*Pfohl Bros. Landfill Site Steering Comm. v. Allied Waste Sys., Inc.*,
   255 F.Supp.2d 134 (W.D.N.Y.2003) ................................................................................. 10, 12

*Sampson v. MediSys Health Network, Inc.*,
   No. 10-CV-1342 SJF ARL, 2012 WL 3027838 (E.D.N.Y. July 24, 2012) ............................. 12

*Sampson v. MediSys Health Network, Inc.*,
   No. CV 10-1342 SJF ARL, 2012 WL 3027850 (E.D.N.Y. Feb. 9, 2012),
   *report and recommendation adopted as modified*, No. 10-CV-1342 SJF ARL,
   2012 WL 3027838 (E.D.N.Y. July 24, 2012) ........................................................................... 9

*Topo v. Dhir*,
   No. 01–CV–10881, 2004 WL 527051 (S.D.N.Y. Mar. 16, 2004)............................................12

*Tracy v. NVR, Inc.*,
   667 F.Supp.2d 244 (W.D.N.Y. 2009) .....................................................................................13

*Xue Lian Lin v. Comprehensive Health Mgmt., Inc.*,
   No. 08 CIV.6519 (PKC), 2009 WL 976835 (S.D.N.Y. Apr. 9, 2009) ....................................13

*Zheng v. Liberty Apparel Co.*,
   355 F.3d 61 (2d Cir. 2003).......................................................................................................11

**Statutes**

Fair Labor Standards Act ("FLSA").................................................................................... *passim*

New York Labor Law ("NYLL") ........................................................................................ *passim*

**Other Authorities**

29 C.F.R. § 791.2(a).........................................................................................................................6

Federal Rule of Civil Procedure 8 ...................................................................................................3

Federal Rule of Civil Procedure 12(b)(6) ...............................................................................3, 5, 12

U. S. Dep't of Labor, Wage & Hour Div., Opinion No. FLSA2005-17NA, 2005
   WL 6219105, at *2 (June 14, 2015) ..........................................................................................8

Defendants HeartShare Human Services of New York, Roman Catholic Diocese of Brooklyn[1] ("HeartShare Human Services"), and HeartShare Education Center ("Heartshare Education") (collectively, "Defendants") respectfully submit this memorandum in support of their joint motion to dismiss Plaintiffs' Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and breach of contract claims against them—all of which are based on allegations that Defendants failed to pay Plaintiffs overtime. Plaintiffs Kaisha Murphy and Shana-Kay McDougall (collectively, "Plaintiffs") are former employees of both Defendants. Plaintiffs admit in their Complaint that each Defendant always paid overtime for hours over 40 worked in a week for each Defendant individually. But Plaintiffs claim that Defendants should have paid them overtime for any week during which they worked more than 40 hours when their work for each employer is *combined*, because (they say) Defendants are supposedly "joint employers."

      Plaintiffs have not alleged a single fact in their Complaint to support their theory of joint employment. As Plaintiffs acknowledge in their Complaint, one Defendant is a school and the other is a residential facility. Plaintiffs have not alleged facts that could plausibly establish that Defendants jointly share control over Plaintiffs' terms and conditions of employment such that they should be liable for overtime each week that Plaintiffs worked more than 40 hours combined between both separate employers. Because Plaintiffs entirely fail to meet their burden of alleging sufficient facts in their Complaint to establish a joint employment relationship between Defendants, their Complaint must be dismissed for failure to state a claim.

---

[1] HeartShare Human Services of New York, Roman Catholic Diocese of Brooklyn is improperly captioned in the Complaint as "HeartShare Human Services of New York."

I.  **FACTS**

Plaintiffs Kaisha Murphy and Shana-Kay McDougall were formerly employed by both Defendant HeartShare Education and Defendant HeartShare Human Services. Complaint ("Compl.") ¶ 1.

Plaintiff Murphy worked for HeartShare Education as an Assistant Teacher from 2011 through March 2016. *Id*. ¶ 51. In this position, she "assist[ed] the students with lessons," "assist[ed] students with their assignments, maintain[ed] order in the classroom, and assist[ed] students at meals and with using the restroom." *Id*. ¶¶ 56-57. Ms. McDougall worked for HeartShare Education as a Paraprofessional from June 2015 to July 2016. *Id*. ¶ 76. Her duties involved "working with students to guide them through their exercises and lessons and assisting students at meals and with using the restroom." *Id*. ¶ 81.

Separately, both plaintiffs also worked as Direct Services Professionals for a different entity, HeartShare Human Services, which operates a residence for those students who require full-time care because of their disabilities. *Id*. ¶¶ 54, 61, 85. Direct Service Professionals "help the resident students with their morning routines," and "dress and prepare [the students] for the day." *Id*. ¶¶ 78-79. They then "[re]take custody of the students" at the end of the school day. *Id*. ¶¶ 83-84.

Plaintiffs baldly allege "Defendant HeartShare Education and Defendant HeartShare Human Services are so closely related that they are functionally the same entity." *Id*. ¶ 96. However, they do not provide factual allegations that would make this incorrect legal conclusion even remotely plausible. Indeed, Plaintiffs' own allegations demonstrate that the two Defendants operate as separate entities. For example, Plaintiffs allege that they received two separate paychecks each pay period: one from HeartShare Education and one from HeartShare Human Services. *Id*. ¶ 3. Plaintiffs merely note that their separate paystubs included the same address:

12 MetroTech Center, Brooklyn, NY, 11201. *Id.* ¶ 69, 92. The Complaint does not include factual allegations establishing some supposed interrelatedness between the two separate employers. Nor does it include facts setting forth any of the traditional indicia of joint employment. The basis of all three of Plaintiffs' claims—for violations of the FLSA, the NYLL, and breach of contract—is that the two separate entities should be treated as a joint employer for overtime purposes. *Id.* ¶¶ 5-7, 65-75, 88-91. Because the Complaint utterly fails to allege facts that could render the conclusory allegation of joint employment plausible, all three claims should be dismissed for failure to state a claim.

## II.  LEGAL STANDARD

**Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint that does not "state a claim upon which relief can be granted." Federal Rule of Civil Procedure 8 defines a pleading that will meet this threshold requirement as including "a short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff is entitled to have a complaint's factual allegations accepted as true when the court reviews a motion under Rule 12(b)(6), *Berkovitz v. United States*, 486 U.S. 531, 540 (1988), but the court need not accept as true mere legal conclusions unsupported by facts, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Supreme Court ruled in *Bell Atlantic Corp. v. Twombly*, that in order to survive a motion to dismiss, a plaintiff must "nudge[] [his] claims across the line from conceivable to plausible." 550 U.S. 544, 570 (2007). A *plausible* claim "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. To survive a motion to dismiss, a plaintiff's claims must plead factual allegations that "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678-79 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Therefore, if Plaintiffs do not provide facts to support each of their legal claims, and offer only "naked assertion[s]" without "some further factual enhancement," *Twombly*, 550 U.S. at 557, then the action must be dismissed for failure to state a claim upon which relief can be granted.

### III. ARGUMENT

**A.     All of Plaintiffs' Claims Are Contingent Upon Defendants Being Joint Employers**

All of Plaintiffs' claims—that Defendants violated the FLSA and the NYLL, and breached their contract with Plaintiffs—are contingent on Plaintiffs' allegation that Defendants are joint employers. Plaintiffs have conceded that "[i]n the event that [either Plaintiff] worked more than 40 hours per week at either the school or the residence individually, Defendants paid her at the overtime premium rate." Compl. ¶¶ 64, 87. Without a basis for an overtime claim against either Defendant individually, Plaintiffs instead assert that Plaintiffs "routinely worked in excess of 40 hours per week between the School and the Residence combined," *see Id*. ¶¶ 65, 88, and that they "were never paid at the overtime premium rate for hours worked in excess of 40 in a work week" for these combined hours. *Id.* ¶¶ 5, 65-75, 88-91; s*ee* Compl. ¶ 6 ("Plaintiffs seek damages and costs against Defendants *for failing to pay them at the overtime premium rate for hours worked in excess of 40 in a work week*, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and the New York State Labor Law ("NYLL"), N.Y. Lab. Law. § 1 *et seq.*") (emphasis added); Compl. ¶ 7 ("Plaintiffs also seek damages and costs against Defendants for

breach of contract in violation of the New York State common law, as Defendants *failed to pay Plaintiffs at the overtime premium rate for hours worked in excess of 40 in a work week* despite agreeing to pay Plaintiffs overtime and distributing a Notice of Wage Rate to Plaintiffs stating that Plaintiffs were eligible for overtime pay") (emphasis added). The sole basis for all of Plaintiffs' overtime claims, therefore, is that the hours they worked for both Defendants should be combined, because Defendants were somehow joint employers. As described below, Plaintiffs have failed to allege sufficient facts to state this claim. As such, their claims should be dismissed.

**B.     The Complaint Should Be Dismissed Under Rule 12(b)(6) Because Plaintiffs Have Not Pleaded Adequate Facts Showing that HeartShare Education and HeartShare Human Services Are Joint Employers**

Plaintiffs fail to allege sufficient facts to show that HeartShare Education and HeartShare Human Services are joint employers. To prevail on a joint employment claim, Plaintiffs must show that the operations of both separate entities are so interdependent as they relate to Plaintiffs' employment that the two entities in fact jointly employed Plaintiffs.

The Complaint fails to make such a factual showing. In fact, the allegations in the Complaint demonstrate that the two entities are indeed separate. The Complaint acknowledges that one Defendant is a residential facility, and the other is a school. They serve completely different functions. Further, the Complaint reveals that Plaintiffs' jobs at each were separate and distinct. But most importantly, the Complaint does not include any of the common factors that courts assess in determining joint employer status. There are no allegations of common officers or directors of the companies. Plaintiffs do not allege whether employees have priority for vacancies at the other entity. There are no allegations about common insurance, common pensions, common payroll, or common hiring seniority. Even on the most liberal reading of the Complaint, the allegations that are included in an attempt to establish some kind of legal joint

employment connection between the two entities—that they are located near each other and their separate paychecks are issued from the same address, that a managerial employee works at both entities, and that they have common ownership—fail as a matter of law to allege a joint employment relationship. Consequently, all of Plaintiffs' claims should be dismissed.

### 1. Plaintiffs' FLSA Claims Require Plaintiffs to Allege Facts Establishing That Defendants Were Joint Employers

Regulations to the FLSA provide that "all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions, with respect to the entire employment for the particular workweek." 29 C.F.R. § 791.2(a). The regulations further provide that

> [w]here the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as:
>
> (1) Where there is an arrangement between the employers to share the employee's services, as, for example, to interchange employees; or
>
> (2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or
>
> (3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

*Id.*. However, if two employers are independent and "completely disassociated with respect to the employment of a particular employee, who during the same workweek performs work for more than one employer, each employer may disregard all work performed by the employee for the other employer (or employers) in determining his own responsibilities under the [FLSA]." *Id.*

Thus, to allege a joint employment relationship, the Plaintiffs in this case had to allege facts showing that HearthShare Education and HeartShare Human Services were not independent and completely disassociated with respect to Plaintiffs' employment. As described below, Plaintiffs have utterly failed to allege facts in their Complaint to support that Defendants are so related.

> 2. **Plaintiffs Have Not Alleged Facts Showing That Defendants Were Sufficiently Interdependent To Be Joint Employers**

Plaintiffs have alleged no facts about the relationship between Defendants sufficient to establish that they are joint employers. In fact, the Complaint's allegations show the opposite. As Plaintiffs have alleged, their two direct employers are a school for students with disabilities, and a residence for tenants with disabilities. Compl. ¶¶ 53-54. Plaintiffs worked separate jobs for each entity: Ms. Murphy worked for HeartShare Education as an Assistant Teacher at the School, in which position she "assist[ed] the students with lessons," "assist[ed] students with their assignments, maintain[ed] order in the classroom, and assist[ed] students at meals and with using the restroom." Compl. ¶¶ 56-57. Similarly, Ms. McDougall worked as a Paraprofessional at the School—where her duties involved "working with students to guide them through their exercises and lessons and assisting students at meals and with using the restroom." *Id.* ¶¶ 81-82.

Separately, both plaintiffs worked as Direct Services Professionals for HeartShare Human Services. *Id.* ¶¶ 61, 85. Direct Service Professionals "help the resident students with their morning routines," and "dress and prepare [the students] for the day and escort[] them to the School." *Id.* ¶¶ 78-79. They then "[re]take custody of the students" at the end of the school day. *Id.* ¶¶ 83-84. The Complaint thus reflects that the residence has different functions and purposes from the school, and Plaintiffs' jobs at each involved different responsibilities.

Despite the intuitive difference between a residential facility and a school, Plaintiffs baldly assert that "Defendant HeartShare Education and Defendant HeartShare Human Services

-7-

are so closely related that they are functionally the same entity." Compl. ¶ 96. But this is precisely the type of formulaic recitation of the elements of a claim that fails the *Twombly/Iqbal* standard. Plaintiffs' allegation, devoid of any factual basis, fails to "nudge[] [their] claims across the line from conceivable to plausible" to show a joint employment relationship. *See Twombly*, 550 U.S. at 570.

Plaintiffs do not sufficiently allege <u>any</u> of the factors that the DOL cites as supporting a joint employment relationship. The DOL has stated, in an opinion letter, that "[f]actors that are relevant in finding joint employment include, for example, whether there are common officers or directors of the companies; the nature of the common management support provided; whether employees have priority for vacancies at the other companies; whether there are any common insurance, pension or payroll systems; and whether there are any common hiring seniority, recordkeeping or billing systems." U. S. Dep't of Labor, Wage & Hour Div., Opinion No. FLSA2005-17NA, 2005 WL 6219105, at *2 (June 14, 2015). Here, Plaintiffs have not alleged any facts showing that HeartShare Education and HeartShare Human Services shared common officers or directors; gave priority for vacancies at other companies; had common insurance, pension or payroll systems; or had any common hiring seniority, recordkeeping or billing systems. Plaintiffs have also totally failed to allege that Defendants had the ability to hire or fire each others' employees; shared overhead costs; had the same person schedule and pay employees regardless of which employer they worked for; or treated employees as a pool belonging to both employers. *Cf.* Administrator's Interpretation No. 2016-1 (U.S. Dep't of Labor, Wage & Hour Div., Jan. 20, 2016) (listing more questions courts can consider in determining a joint employment relationship, including, *inter alia*, "do the potential joint employers share control over operations (e.g., hiring, firing, payroll, advertising, overhead costs);

are the potential joint employers' operations inter-mingled (for example, is there one administrative operation for both employers, or does the same person schedule and pay the employees regardless of which employer they work for)" and "do the potential joint employers treat the employees as a pool of employees available to both of them").

Plaintiffs do allege that "the same supervisor- Carol Verdi- oversees both the School and the Residence." Compl. ¶ 55.  But this allegation is conclusory and vague, devoid of any facts explaining what Ms. Verdi's "oversee[ing]" the school and residence means, or whether she had any role in managing Plaintiffs' work.   The bare allegation that one individual is a supervisor at two different employers does not show that the two separate entities are legally joint employers. Plaintiffs do not allege that Ms. Verdi took actions with respect to them while working at one employer *acting in her capacity as an agent of the other employer*.  Courts have routinely held that the bare allegation that one common executive worked at two different employers is insufficient as a matter of law to establish joint employer status. *See Paz v. Piedra*, No. 09CIV03977LAKGWG, 2012 WL 12518495, at *7 (S.D.N.Y. Jan. 12, 2012) (finding no joint employment relationship where "there is no indication that the Piedras supervised employees of a given restaurant in their capacities as agents of any other restaurant. Accordingly, plaintiffs have failed to demonstrate that any one Corporate Defendant exercised either formal or functional control over the workers of any other."); *Cannon v. Douglas Elliman, LLC*, No. 06 CIV.7092, 2007 WL 4358456, at *5 (S.D.N.Y. Dec. 10, 2007) (granting motion to dismiss, reasoning "In sum, beyond reciting the elements of a joint employer arrangement, plaintiffs have not shown that [the putative joint employers] did, in fact, play a role in supervising plaintiffs' work. Thus, we find that the complaint does not sufficiently allege joint employer status."); *Sampson v. MediSys Health Network, Inc.*, No. CV 10-1342 SJF ARL, 2012 WL 3027850, at

*14, 16 (E.D.N.Y. Feb. 9, 2012), *report and recommendation adopted as modified*, No. 10-CV-1342 SJF ARL, 2012 WL 3027838 (E.D.N.Y. July 24, 2012)(finding joint employment relationship not sufficiently alleged where Complaint stated supervisor "ha[d] operational control over the human resource functions," "ha[d] authority to hire or fire employees, provide and direct support regarding human resources issues," and was "involved in the creation and/or maintenance of the illegal policies complained of in this case," reasoning these were "nothing more than conclusory allegations" from which the court could not infer supervisor had a direct role supervising Plaintiffs or controlling their conditions of employment).

Nor can Plaintiffs establish a joint employment relationship by alleging that the school and the residence were located near each other, or by alleging that the separate paychecks issued by the school and the residence included the same address. These allegations reveal nothing about the relationship between the entities for purposes of determining whether they are joint employers, especially in New York City. *Cannon*, No. 06 CIV.7092, 2007 WL 4358456, at *4 (finding Complaint did not sufficiently allege joint employer status despite alleging that both defendants used the same office, reasoning that sharing an office is "common in New York City and reveals nothing about the interactions between the parties that took place in that office.")

Finally, Plaintiffs' allegation that Defendant HeartShare Education is a nonprofit subsidiary of Defendant HeartShare Human Services, *see Complaint* ¶ 17, similarly does not show joint employer status. Common ownership does not establish joint employer status. *Paz*, 2012 WL 12518495, at *7 (finding plaintiff failed to allege joint employer status, reasoning "The mere fact that each [c]orporate [d]efendant is owned in whole or major part by the same persons simply does not permit [the][c]ourt to disregard their distinct legal statuses."); *see generally Pfohl Bros. Landfill Site Steering Comm. v. Allied Waste Sys., Inc.*, 255 F.Supp.2d 134, 179

(W.D.N.Y.2003) (explaining the various prerequisites for holding one company responsible for the liabilities of an affiliated company with common ownership); *cf. Zheng v. Liberty Apparel Co.,* 355 F.3d 61, 76 (2d Cir. 2003) (a "mere business partner[ ] of [a worker's] direct employer" is not also that worker's employer). As independent entities, HeartShare Education and HeartShare Human Services should not be conflated, especially where Plaintiffs have not alleged any veil-piercing or alter-ego theory in the Complaint. No legal basis exists for setting aside their separate identities. *See Am. Bell, Inc. v. Fed'n of Tel. Workers*, 736 F.2d 879, 886 (3d Cir. 1984) (reasoning that "A court may not disregard at will the formal differences between affiliated corporations" and refusing to pierce corporate veil between parent and subsidiary where corporate formalities were followed); *Janus Capital Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 145 (2011) (holding that a parent company could not be held liable for a mutual fund's allegedly misleading statements, reasoning "We decline this invitation to disregard the corporate form."); *cf. In re Champion Enters., Inc.*, No. 09-14014 KG, 2010 WL 3522132, at *10 (Bankr. D. Del. Sept. 1, 2010) (dismissing causes of action dependent on veil-piercing theory because complaint was "conspicuously devoid of facts showing domination and control" of one corporation by another).

    **3.    Plaintiffs' NYLL and Breach of Contract Claims Should Be Dismissed on the Same Grounds as Plaintiffs' FLSA Claim**

Courts apply the same joint employment test under the FLSA and the NYLL. *Chen v. St. Beat Sportswear, Inc.,* 364 F.Supp.2d 269, 278 (E.D.N.Y.2005) ("Courts hold that the New York Labor Law embodies the same standards for joint employment as the FLSA." (citation omitted)); *Hart v. Rick's Cabaret Int'l, Inc.,* 967 F.Supp.2d 901, 940 (S.D.N.Y.2013) (noting that "[c]ourts in this District have regularly applied the same tests to determine, under the FLSA and the NYLL, whether entities were joint employers" because "[t]he statutory standard for employer

status under the NYLL is nearly identical to that of the FLSA" and that while "the New York Court of Appeals has not yet resolved whether the NYLL's standard for employer status is coextensive with the FLSA's ... there is no case law to the contrary" (citations omitted)); *Topo v. Dhir,* No. 01–CV–10881, 2004 WL 527051, at *3 (S.D.N.Y. Mar. 16, 2004) (noting that there is "general support for giving FLSA and the New York Labor Law consistent interpretations". *Ansoumana,* 255 F.Supp.2d at 189 ("[B]ecause New York Labor Law and the FLSA embody similar standards ... I will consider the federal law in deciding whether defendants were joint employers.") Hence, since Plaintiffs have failed to allege joint employment under the FLSA, their NYLL claim should be dismissed on similar grounds.

    Furthermore, Plaintiffs' breach of contract claim is also premised on Plaintiffs showing that Defendants were joint employers. Plaintiffs' claim is that Defendants owed them overtime during weeks in which Plaintiffs worked more than 40 hours combined for both Defendants; failure to pay overtime therefore breached the "Notice and Acknowledgement of Wage Rate and Designated Payday Under Section 195.1 of the New York State Labor Law" Defendants gave them. Since Plaintiffs failed to allege joint employer status, they cannot state a breach of contract claim. Their contract claim should also be dismissed.

## IV. CONCLUSION

    For these reasons, the Court should dismiss Plaintiffs' claims against HeartShare Education Center and HeartShare Human Services of New York for failure to state a claim under Rule 12(b)(6). Courts in the Second Circuit routinely grant motions to dismiss where plaintiffs fail to adequately allege joint employment relationships between defendants. *See*, *e.g.*, *Sampson v. MediSys Health Network, Inc.*, No. 10-CV-1342 SJF ARL, 2012 WL 3027838 (E.D.N.Y. July 24, 2012) (granting motion to dismiss plaintiffs' FLSA claims against defendants whom

plaintiffs did not adequately allege to be joint employers); *Hugee v. SJC Grp., Inc.*, No. 13 CIV. 0423 GBD, 2013 WL 4399226 (S.D.N.Y. Aug. 14, 2013) (granting motion to dismiss plaintiffs' FLSA and state law claims where plaintiff failed to adequately allege defendants were joint employers); *Xue Lian Lin v. Comprehensive Health Mgmt., Inc.*, No. 08 CIV.6519 (PKC), 2009 WL 976835 (S.D.N.Y. Apr. 9, 2009) (same); *Tracy v. NVR, Inc.*, 667 F.Supp.2d 244 (W.D.N.Y. 2009)(same);  *Diaz v. Consortium for Worker Educ., Inc.*, No. 10 CIV. 01848 LAP, 2010 WL 3910280, at *4 (S.D.N.Y. Sept. 28, 2010) (same).

Dated:  March 29, 2017

Respectfully submitted,

ROPES & GRAY LLP

By:   /s/ Lee S. Gayer
Lee S. Gayer
1211 Avenue of the Americas
New York, NY 10036-8704
(212) 596-9000
Lee.Gayer@ropesgray.com

Jeffrey F. Webb (*pro hac vice* admission pending)
Aaron G. Gingrande (*pro hac vice* admission pending)
Prudential Tower
800 Boylston Street
Boston, MA  02199
(617) 951-7000
Jeffrey.Webb@ropesgray.com
Aaron.Gingrande@ropesgray.com

*Counsel for HEARTSHARE HUMAN SERVICES OF NEW YORK, ROMAN CATHOLIC DIOCESE OF BROOKLYN*


WINGATE, KEARNEY, & CULLEN, LLP

By:  /s/ Richard Cea
Richard Cea
WINGATE, KEARNEY, & CULLEN, LLP
45 Main Street, Suite 1020
Brooklyn, NY 11201
(718) 852-5900
rjcea@wkclaw.com

*Counsel for HEARTSHARE EDUCATION CENTER*

## CERTIFICATE OF SERVICE

      I, Lee S. Gayer, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants.


Dated:  March 29, 2017                  */s/ Lee S. Gayer*
                                                        Lee S. Gayer